IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
BRIDGETT HOOKS,               )
                              )
    Plaintiff,                )
                              )       CIVIL ACTION NO.
    v.                        )        1:14cv1053-MHT
                              )            (WO)
DOLLAR GENERAL                )
CORPORATION, et al.,          )
                              )
    Defendants.               )
```

OPINION AND ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal).  To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship.  <u>McGovern v. American Airlines, Inc.</u>, 511 F.2d 653, 654 (5th Cir. 1975) (per curiam).[*]  The

_____

 [*]In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the

allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332; see also 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 8.03[5][b] at 8-10 (3d ed. 1998).

The removal notice is insufficient because it does not indicate the citizenship of a party that is a 'limited liability company': Glass Properties, LLC. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). The notice must therefore allege "the citizenships of all the members of the limited liability company." Id.

The notice of removal sets forth that the sole member of Glass Properties, LLC, is a "Georgia estate". But the notice fails to indicate properly the

---

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

citizenship of this "Georgia estate."  If this entity is a corporation, then the notice must allege the citizenship of both the State of incorporation and where the corporation has its principal place of business.  28 U.S.C. § 1332(c)(2); American Motorist Insur. Co. v. American Employers' Insur. Co., 600 F.2d 15, 16 & n. 1 (5th Cir. 1979) (per curiam).  If the entity is a partnership, the notice must indicate the citizenship of the individual partners, both general and limited. Carden v. Arkoma Associates, 494 U.S. 185 (1990).  If the entity is an unincorporated association, the notice must indicate the citizenship of each and every one of its members. Xaros v. U.S. Fidelity and Guar. Co., 820 F.2d 1176, 1181 (11th Cir. 1987).  As stated above, if the entity is a limited liability company, the notice must allege "[t]he citizenships of all members of the limited liability company." Rolling Greens MHP, 374 F.3d at 1022.  And if the entity consists of several entities, the notice

3

must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.

Furthermore, if the entity is the estate of a decedent, citizenship is determined by the citizenship of the deceased individual. "The legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Similarly, if the entity is the estate of, or is acting on behalf of, a child or incompetent person, citizenship would depend on the child or incompetent person's citizenship. Id.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the removing defendant has until November 12, 2014, to amend the notice of removal to allege jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 6th day of November, 2014.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE